```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


KENYA BROWN,                         :
        Plaintiff,                   :
                                     :           PRISONER
     v.                              :  Case No. 3:12-cv-1305(JBA)
                                     :
LEO ARNONE, et al.,                  :
        Defendants.                  :
```

INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1083 (2000). The plaintiff alleges that the defendants, UCONN Medical Group, H.S.A. Lightner, R.N. Latrice Brown, Nurse Supervisor Ann Mari Dean, Nurse Jane Doe and Lt. Mecker violated his First, Fourth, Eighth and Fourteenth Amendment rights following a prison bus accident.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480

F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

    The plaintiff alleges that, at approximately 7:30 p.m., on August 8, 2012, the prison transport bus in which he was a passenger was involved in an accident when leaving the Bridgeport Correctional Center.  The plaintiff injured his face, neck and back in the accident.  Initially, defendant Mecker and the other transport officers, who are not defendants in this action, left the inmates in the bus without access to fresh air.  Eventually, they brought the inmates back inside the Bridgeport Correctional Center and kept them in the gym.  The inmates remained in handcuffs, leg shackles and tether chains and were not afforded

medical attention, bathroom access or water.

Over an hour later, the plaintiff was examined by defendants Nurse Doe and Nurse Supervisor Dean.  Correctional staff would not remove the restraints to permit examination of the plaintiff's neck and back.  As a result, these injuries were omitted from the medical report.  In addition, the tight cuffs were impeding circulation in the plaintiff's hands.

The plaintiff returned to MacDougall-Walker Correctional Center at approximately 11:30 p.m.  When the plaintiff was taken to the medical department to get his evening medication, defendant Brown refused to treat the plaintiff's injuries.  She told him to submit a sick call request the following day.  In the following days, the plaintiff had difficulty seeing a doctor and getting treatment for his injuries.  The plaintiff contends that this denial of medical care was in retaliation for another lawsuit he had filed.

In Counts Four through Nine, the plaintiff bases his claims on the Fourth Amendment and in Counts Seventeen through Twenty-one, on the Fourteenth Amendment.  The plaintiff is a sentenced inmate.[1]  Thus, the Eighth Amendment "serves as the primary source of substantive protection."  Whitley v. Albers, 475 U.S.

---

[1] Department of Correction records reveal that the plaintiff has been incarcerated since December 2002.  In November 2003, he was sentenced to a term of imprisonment of twenty years.  See www.ctinmateinfo.state.ct.us (last visited October 3, 2012).

312, 327 (1986).  The Fourth Amendment protects the rights of an individual prior to arraignment.  See Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989) (Fourth Amendment standard applies through time of arraignment or formal charge).  All of the plaintiff's Fourth and Fourteenth Amendment claims are based on the same facts as his Eighth Amendment claims.  Accordingly, all Fourth and Fourteenth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A.  See County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) ("[I]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.") (internal quotation marks omitted).

    The case will proceed on the plaintiff's First Amendment claims contained in Counts One through Three and his Eighth Amendment claims contained in Counts Ten through Sixteen.

### ORDERS

    In accordance with the foregoing analysis, the court enters the following orders:

    (1)  The Fourth Amendment (Counts Four through Nine) and Fourteenth Amendment (Counts Seventeen through Twenty-one) claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

    (2)  The plaintiff has paid the filing fee to commence this action and, therefore, is not entitled to have service effected

by the court.  **The plaintiff shall** effect service of the complaint and a copy of this order on each defendant in accordance with the requirements of Rule 4, Fed. R. Civ. P. Service shall be effected by February 04, 2013.  Failure to file a return of service by February 14, 2013 describing how service was effected on each defendant will result in the dismissal of all claims against any defendant not properly served.

 (3)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

 Entered this 4th day of October 2012, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge