UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------X
KENYA BROWN                            :
                                       :        No. 3:12 CV 1305(JBA)
                                       :
          v.                           :
                                       :
UCONN MEDICAL GROUP, et al.,           :        DATE: JUNE 20, 2014
------------------------------------------------------X
```

RULING ON PENDING MOTIONS (Dkts. ## 75, 77, 80, 81, 87, 88, 89, 90, 91, 92, 96)

Eleven pending motions are now ripe for decision: (1) defendants' Motion for Leave to File

Excess Pages (Dkt. #77), filed on May 8, 2014; (2-4) plaintiff's three unopposed Motions for

Extension of Time (Dkts. ##75, 87, 96), filed May 1, June 2, and June 5, 2014, respectively; (5)

plaintiff's Motion to Compel Inspection of Video Surveillance  (Dkt. #80), filed May 12, 2014, in

response to which defendants filed their objection on May 23, 2014 (Dkt. #84); (6) plaintiff's

Motion for Order (Dkt. #81), also filed May 12, 2014, as to which defendants filed their objection

on June 2, 2014 (Dkt. #86);[1] (7) plaintiff's Motion for Sanctions (Dkt. #88), filed June 2, 2014, in

response to which defendants filed their objection on June 5, 2014 (Dkt. #94); (8) plaintiff's Motion

to Compel Discovery and Information (Dkt. #89), filed on June 3, 2014; (9) plaintiff's Motion to

Compel Admission and Production of Interrogatories (Dkt. #90), also filed on June 3, 2014, in

response to which defendants filed their objection on June 11, 2014 (Dkt. #97); (10) plaintiff's

Motion to Compel the Discovery of Dr. Pillai (Dkt. #91), also filed on June 3, 2014, in response to

which defendants filed their objection on June 11, 2014 (Dkt. #98);[2] and (11)  plaintiff's Motion

---

[1]Copies of case law are attached.

[2]Attached to defendants' objection are the following exhibits: a copy of Dr. Pillai's Response[s] to Plaintiff's April 2, 2014 Discovery Requests, dated April 28, 2014 (Exh. 1); a copy of Dr. Pillai's Response[s] to Plaintiff's April 2, 2014 Production Requests, dated April 29, 2014 (Exh. 2); and a copy of case law.

for Reconsideration (Dkt. #92), filed June 3, 2014.[3]

## I. DISCUSSION

### A. Defendants' Motion for Leave to File Excess Pages (Dkt. #77)

Defendants move for leave to file a memorandum in support of their motion for summary judgment that exceeds forty pages, as to which plaintiff has not objected.  Defendants' Motion (Dkt. #77) is granted.

### B. Plaintiff's Motion for Sanctions (Dkt. #88)

Plaintiff asks this Court to sanction defendants' counsel for submitting defendant Nancy Walton's affidavit in support of the defendants' Motion for Summary Judgment, which states that plaintiff did not suffer any injuries on August 8, 2012, after defendant Walton completed an incident report the night of the accident identifying injuries suffered by plaintiff.  (Dkt. #88, at 2-5).[4]  In his motion, plaintiff indicates that he filed this motion on the same day that he took the Court's suggestion to submit a request to counsel to withdraw defendant Walton's affidavit.  (Id. at 2-3).

In their objection, defendants represent that plaintiff has misconstrued defendant Waltons' medical abbreviation.  Accordingly, plaintiff's Motion (Dkt. #88) is denied.

### C. Plaintiff's Motions to Compel (Dkts. ##80, 81, 89, 90, 91)

Plaintiff has filed five motions to compel in which he seeks (1) copies of video surveillance tapes  (Dkt. #80, at 1); (2-3) the fifteen names, inmate numbers, and location of the witnesses to the August 8, 2012 bus incident (Dkt. #81, at 1-2; Dkt. #89, at 1-2); (4)  interrogatory responses from defendants Meeker, Francis, Santinelli, Lightner, Walton, Brown, and Pillai (Dkt.

_____

[3]Plaintiff's additional motion (Dkt. #99) has not been fully briefed yet.

[4]Attached to plaintiff's motion is a copy of a portion of the affidavit of defendant Walton.

#90, at 1); and (5) copies of all grievances, lawsuits and disciplinary actions against defendant Pillai. (Dkt. #91, at 1-2).

In the first motion, plaintiff seeks video footage from August 8, 2012. (Dkt. #80, at 1-2). In response to his request, defendants state that they have "triple checked[,]" and there is "simply no video footage of the evening in question as plaintiff requests." (Dkt. #84)(emphasis in original). Plaintiff provides no evidence to support his belief that footage of the automobile accident exists, and the Court cannot order defendants to produce something they do not have.  Accordingly, plaintiff's Motion to Compel (Dkt. #80) is denied.

In the second and third motions (Dkts. #81, at 1-2; Dkt. #89, at 1-2), plaintiff seeks the fifteen names, inmate numbers, and location of the witnesses to the August 8, 2012 bus incident. Defendants oppose compliance with this discovery request on grounds that plaintiff seeks protected health information regarding other inmates, and compliance with this request would constitute a security risk to correctional staff, inmates, or facilities.  (Dkt. #86, at 1).  Defendants further argue that the vehicular accident was mere negligence, and does not rise to the level of a constitutional violation.  (Id. at 2-3).   Insofar as this litigation is focused upon defendants' actions, or inactions, at the Bridgeport Correctional Center after the bus accident occurred (see Dkt. #2, at 2-3), any information regarding the inmates who were on the bus at that time is irrelevant.  Plaintiff argues that "[m]any of these inmates were also hurt. . . ." (Dkt. #81, at 1).   The only information that is relevant, at the outset, is the number of inmates seen by medical personnel at the prison that night as a result of the accident, whether any of them were later taken to the infirmary or emergency room (and if so, how many), as well as the number of medical staff members who examined them.  If, hypothetically speaking, an overwhelming majority of these fifteen inmates had been seriously injured and taken from the prison by ambulance to the hospital, and defendant

Walton had been the only medical staff available and inmates had waited hours to be evaluated by her at the prison, then those facts might rise to a constitutional violation.   Accordingly, defendants shall provide this limited information **on or before July 7, 2014**.[5]   These two Motions to Compel (Dkts. ##81, 89) are granted to the limited extent set forth above.

In the fourth and fifth motions (Dkts. ##90-91), plaintiff seeks responses to requests for admission and interrogatories directed to defendants Meeker, Francis, Santinelli, Lightner, Walton, Brown, and Pillai, and copies of lawsuits, grievances and disciplinary actions against defendant Pillai.   Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and District of Connecticut Local Civil Rule 37.   The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute.   D. CONN. L. CIV. R. 37(a). The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention.   See Hanton v. Price, No. 3:04 CV 473 (CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006)(citation omitted).   If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. FED. R. CIV. P. 37(a); D. CONN. L. CIV. R. 37(a).   In addition, Local Rule 37(b)1 requires that copies of the discovery requests must be included as exhibits.   D. CONN. L. R. 37(b)1.   Plaintiff has not complied with any of the requirements of Local Rule 37 for these motions.   He fails to attach the discovery requests, and he fails to file affidavits or memoranda or document efforts to resolve these disputes.   FED. R. CIV. P. 37(a); D. CONN. L. CIV. R. 37(a), 37(b)(1).

Plaintiff's failure to comply with the rules of discovery notwithstanding, defendants

---

[5]Defense counsel shall provide a copy of defendants' supplemental response to this Magistrate Judge's Chambers. Depending upon the result, the Magistrate Judge may need to engage in an in camera review of the medical records of the seriously injured inmates, if any.

responded to the merits of the motions. (Dkts. ##97-98).   Regarding the fourth motion, defendants state that they have responded to all discovery requests they have received and are unaware of any outstanding requests or admission or interrogatories directed to defendants Meeker, Francis, Santinelli, Lightner, Walton, Brown, or Pillai.  (Dkt. #97, at 1).   In light of plaintiff's failure to comply with the rules of discovery, and absent any evidence of outstanding requests,  plaintiff's second Motion to Compel (Dkt. #90) is <u>denied</u>.

In the fifth motion, plaintiff seeks all grievances, lawsuits and disciplinary actions filed against Dr. Pillai. (Dkt. #91).  In his brief in opposition to plaintiff's Motion, defendant Dr. Pillai objects on the same grounds stated in his April 28, 2014 response to plaintiff's request, that is, that the request is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.  (Dkt. #98, at 1-2 & Exh. 1).   Defendants note that Dr. Pillai has been providing medical care to Connecticut inmates for fourteen years.  (Dkt. #98, at 1).  As inmates are well-known to be litigious, "it can be safely assumed that Dr. Pillai has been sued [and grieved] by inmates on previous occasions."  <u>See Pearson v. Beard</u>, No. 3:09-cv-54-KRG-KAP, 2012 WL 6811810, at *2 (W.D. Pa. Dec. 10, 2012) ("This case illustrates a fact of which I could take judicial notice: inmates filing lawsuits is a routine activity."), <u>report and recommendation adopted absent objection</u>, 2013 WL 100387 (W.D. Pa. Jan. 8, 2013).  Defendants contend that the fact that an inmate submitted a grievance or filed a lawsuit, however, does not show that Dr. Pillai was deliberately indifferent to that inmate's medical needs and certainly is no indication regarding the medical services Dr. Pillai afforded to the plaintiff in this case.  (Dkt. #98, at 1-2).  In addition, defendants appropriately note that providing medical grievances filed by other inmates would disclose their medical complaints, thereby violating the inmates' privacy interests in their medical conditions and possibly jeopardizing institutional safety and security by revealing potential

weaknesses.  (Id. at 2).  Plaintiff has failed to show the relevance of this request; accordingly, plaintiff's fifth Motion to Compel (Dkt. #91) is denied.

      D. Plaintiff's Motion for Reconsideration (Dkt. #92)

      Plaintiff seeks reconsideration of the Court's ruling denying his motion for appointment of counsel.  (Dkt. #92).  Plaintiff's previous motion was denied because it was not clear that the plaintiff could not obtain legal assistance on his own.  (See Dkt. #85).  Although titled as a motion for reconsideration, plaintiff actually is refiling his motion for appointment of counsel.

      The Second Circuit has made clear that before an appointment of counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Saviano v. Local 32B-32J, 75 F. App'x 58, 59 (2d Cir. 2003), quoting Cooper v. A Sargenti Co., 877 F.2d 170, 173 (2d Cir. 1989).  Although plaintiff stated in his prior motion that he had contacted ten law firms, he only provided letters from two firms declining assistance and there was no indication that plaintiff has sought representation in this case rather than one of his other cases.  (Dkt. #85, at 1-2).  Plaintiff now states that he has resent letters asking that any denials specifically reference this case, but has provided no evidence that he has been denied assistance.  (Dkt. #92, at 1).  In addition, this Court noted in the prior ruling that plaintiff had not shown that he was unable to obtain legal assistance from Inmates' Legal Assistance Program.  (Dkt. #85, at 2). Plaintiff now concedes that he has received some legal assistance from an attorney at Inmates' Legal Assistance Program, but explains that the attorney cannot represent him. (Id. at 1-2).  Although Inmates' Legal Assistance Program will not appear on behalf of any inmate, the lawyers can provide legal assistance with such matters as responding to motions.  Plaintiff does not indicate that the attorney is unwilling to assist him with a response to the motion for summary judgment or that the attorney will not assist him to obtain statements from the other inmates in the transport bus.  Thus, plaintiff

still has not show that he is unable to obtain legal assistance on his own.  Accordingly, plaintiff's Motion for Reconsideration (Dkt. #92) is <u>denied</u>.

<u>E. Plaintiff's Motions for Extension of Time (Dkt. ##75, 87, 96)</u>

Plaintiff has filed three motions for extension of time, which are unopposed.  In the first motion, he seeks an extension until June 15, 2014 to complete discovery and file a dispositive motion. (Dkt. #75).  In the third motion, plaintiff seeks an extension of time, again until June 15, 2014, to respond to the defendants' Motion for Summary Judgment. (Dkt. #96).  That date has passed and plaintiff has not filed an opposition memorandum or cross-motion for summary judgment.  However, both motions (Dkts. ##75, 96) are <u>granted until **July 15, 2014**</u>.

In the second motion, plaintiff seeks an unspecified extension of time to respond to the defendants' motion for summary judgment.  (Dkt. #87).  Plaintiff's Motion for Extension of Time to File a Response to the Motion for Summary Judgment (Dkt. #87) is <u>granted</u>. **<u>On or before July 15, 2014</u>**, plaintiff shall file his opposition, either as a memorandum, or as a cross-motion for summary judgment.

## II. CONCLUSION

For the reasons stated above, plaintiff's Motions for Extension of Time (Dkts. ##75, 87, 96) are <u>granted</u> **<u>until July 15, 2014</u>**;

defendants' Motion for Leave to File Excess Pages (Dkt. #77) is <u>granted</u>;

plaintiff's Motion to Compel Inspection of Video Surveillance (Dkt. #80) is <u>denied</u>;

plaintiff's Motions to Compel (Dkts. ##81 & 89) are <u>granted to the limited extent set forth above, and defendants shall respond</u> **<u>on or before July 7, 2014</u>**;

plaintiff's Motion for Sanctions (Dkt. #88) is <u>denied</u>;

plaintiff's Motion to Compel Admission and Production of Interrogatories (Dkt. #90) is

<u>denied</u>;

plaintiff's Motion to Compel Discovery of Dr. Pillai (Dkt. #91) is <u>denied</u>; and

plaintiff's Motion for Reconsideration (Dkt. #92) is <u>denied</u>.

SO ORDERED this 20th day of June 2014, at New Haven, Connecticut.

   /s/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge
